**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL AARON JAYNE, | No. 10-17310 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02522-LKK-KJN |
| v. | |
| STEVE BLUNK, Anderson Police Officer; COLLIER, Anderson Police Detective; ANDERSON POLICE DISPATCH, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted September 13, 2012
San Francisco, California

Before: WALLACE, GRABER, and BERZON, Circuit Judges.

Michael Aaron Jayne appeals from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging that Defendants Steve Blunk, Regina Collier,

and the Anderson Police Department violated his rights by seeking to obtain his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

cell phone location data without a warrant. We review the district court's decision de novo, *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012)*,* and affirm.

**1.** With respect to Jayne's Fourth Amendment claim, it is undisputed that the Anderson Police Department submitted a request to Sprint Nextel for Jayne's cell phone location data without first obtaining a warrant. But that request was withdrawn hours later, before any contemporaneous GPS location information was collected and before any historical data indicative of location were received. Although Sprint Nextel sent Defendants some records after the request was rescinded, Defendants attest that the records were immediately destroyed. Moreover, there is no evidence that Sprint Nextel included location data in those records, in disregard of the withdrawal of the request for such data.

Even if the records had contained location data, there was still no search by a governmental entity, subject to the Fourth Amendment, as the government did not acquiesce in the continuation of GPS location surveillance or transmission of the historical cell phone location data that Sprint Nextel already had. *See Coolidge v. New Hampshire,* 403 U.S. 443, 487 (1971) (stating that Fourth Amendment interests are implicated where a private party acts as an "'instrument' or agent of the state" in effecting a search or seizure); *United States v. Cleaveland*, 38 F.3d 1092, 1093 (9th Cir. 1994) (explaining that unless the government acquiesces in a

private party's search, the search does not implicate the Fourth Amendment);

*United States v. Sherwin*, 539 F.2d 1, 6 (9th Cir. 1976) (en banc) ("A private

person cannot act unilaterally as an agent or instrument of the state; there must be

some degree of governmental knowledge and acquiescence. In the absence of such

official involvement, a search is not governmental.").

Jayne attests that he saw a document listing telephone numbers obtained

from his call records. But there is no reasonable expectation of privacy in the

phone numbers dialed or from which calls are received, so the acquisition of such

information does not constitute a search under the Fourth Amendment. *See Smith v.*

*Maryland*, 442 U.S. 735, 745–46 (1979).

**2.** In absence of evidence that Defendants obtained cell phone location

records, there is no basis for claiming that the government violated the Stored

Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712, with respect to such

records. Thus, even if a claim against the government based on the SCA were

cognizable under § 1983—which we do not decide—Defendants are entitled to

summary judgment on Jayne's claim for § 1983 relief arising from purported

violations of his statutory rights.

**3.** Finally, Jayne's First Amendment retaliation claim cannot survive

summary judgment because he has presented no evidence from which a reasonable

jury could conclude that the named defendants caused any retaliation suffered. *See Skoog v. Cnty. of Clackamas,* 469 F.3d 1221, 1232 & nn. 28–29 (9th Cir. 2006) (citing *Mendocino Envtl. Ctr. v. Mendocino Cnty.,* 192 F.3d 1283, 1300 (9th Cir. 1999) ("In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's protected] speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'") (alterations in original)). The individual defendants were not the officers responsible for the allegedly violative action—the warrantless request for Jayne's cell phone records. Nor is there any evidence that they were aware of Jayne's past disputes with, or grievances against, parole agent Randy Abney, or had been prompted by Abney to act.

Furthermore, the Anderson Police Department cannot be held liable under § 1983 absent evidence that the purported violation of Jayne's rights was effected pursuant to a policy or custom of the Department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Jayne has not shown that it was Department policy or custom to obtain cell phone location data without a warrant, and he cannot "prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of [purportedly] unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–34 (9th Cir. 1989)

(citing *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24 (1985) (plurality opinion)).

**AFFIRMED.**